UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| RAINE GORDON,<br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED PARCEL SERVICE, INC.<br>　　　　Defendant. | Civil Action No.: 3:24-cv-499 |

## NOTICE OF REMOVAL

Consistent with 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Universal Parcel Service, Inc. ("UPS"), notifies this Court that it is removing this action, currently pending as Case No.: 24CV015859-590 in the General Court of Justice, Superior Court Division, in Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division. As grounds for removal, UPS shows:

### I. INTRODUCTION

This case is properly removed because it includes a cause of action allegedly arising under federal law. Specifically, Plaintiff Raine Gordon ("Plaintiff") alleges that UPS violated Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). Thus, this Court can properly exercise jurisdiction over this action.

### II. PROCEDURAL BACKGROUND

On or about April 8, 2024, Plaintiff filed a Complaint in the General Court of Justice, Superior Court Division, in Mecklenburg County, North Carolina, styled as *Raine Gordon v. United Parcel Service, Inc.* bearing Case No. 24CV015859-590 ("State Court Action").

A copy of the Complaint and all pleadings filed in the State Court Action are attached hereto as Exhibit A.

The District and Division embracing the place where the State Court Action is pending is the United States District Court for the Western District of North Carolina, Charlotte Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. §1331(a).

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is filed within thirty (30) days after UPS was purportedly served with the initial pleading setting forth the claims for relief upon which this action is based.

Pursuant to 28 U.S.C. § 1446(d), UPS will provide written notice of removal to the Plaintiff in this action and will file a copy of this Notice of Removal with the General Court of Justice, Superior Court Division, in Mecklenburg County, North Carolina. A copy of this filing is attached hereto as Exhibit B.

Prior to filing this Notice of Removal, UPS has made no answer or pleading in the State Court Action.

### III. JURISDICTIONAL GROUNDS FOR REMOVAL

A defendant may remove a case to federal court if the federal court has original jurisdiction over the case. *See Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005); 28 U.S.C. § 1441(a). "[R]emoval is appropriate if the face of the complaint raises a federal question." *Id*.

Here, this Court has original jurisdiction under 28 U.S.C. § 1331 based on the fact that Plaintiff has alleged violations and causes of action arising under a federal law (i.e., Title VII). (*See* Exhibit A). Any civil case filed in a state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. *See County of Moore v. Acres*, 447 F.Supp.3d 453, 457 (E.D.N.C. 2020).

Federal courts can hear "all cases, in law and equity, arising under [the] Constitution, [and] the laws of the United States…." U.S. Const., Art. III, § 2. This clause has been broadly interpreted to allow federal courts to hear any case in which there is a federal ingredient. *See Lontz*, 413 F.3d at 439. Plaintiff's contentions that UPS's conduct violated Title VII contains the "federal ingredient" necessary to establish federal question jurisdiction. *Id.*

UPS reserves all defenses, including but not limited to those under Rule 12(b) of the Federal Rules of Civil Procedure and does not waive said defenses by the filing of this notice.

WHEREFORE, UPS respectfully removes this action to the United States District Court for the Western District of North Carolina, Charlotte Division, and requests that this Court take jurisdiction and issue all necessary orders and processes to remove this action from the General Court of Justice, Superior Court Division, in Mecklenburg County, North Carolina. UPS further requests that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the State Court Action be stayed.

This 22nd day of May, 2024.

    Respectfully submitted,

    */s/ Justine M. Tate*
    Justine M. Tate
    NC Bar No. 54376
    Justine.tate@phelps.com
    PHELPS DUNBAR LLP
    4141 ParkLake Ave., Suite 530
    Raleigh, North Carolina 27612
    T: 919-789-5300
    F: 919-789-5301

    and

    Kelly Eisenlohr-Moul
    Bar I.D. NC 50523

3

Case 3:24-cv-00499-FDW-DCK   Document 1   Filed 05/22/24   Page 3 of 5

Ashley S. Nunneker, Esq. (*pro hac vice forthcoming*)
Bar I.D. GA 370553
**MARTENSON, HASBROUCK & SIMON LLP**
2573 Apple Valley Road NE
Atlanta, Georgia 30319
Tel.: (404) 909-8100
Fax: (404) 909-8120
keisenlohr-moul@martensonlaw.com
anunneker@martensonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2024, the foregoing document has been served on the attorney of record via email and First-Class Mail addressed as follows:

THE MONTGOMERY LAW FIRM, PLLC
Eric A. Montgomery
6135 Park South Drive, Suite 510
Charlotte, North Carolina 28210
eric@themlawfirm.com

/s/Justine M. Tate
Justine M. Tate
N.C. State Bar No. 54376