# EXHIBIT A



# Notice of Service of Process

RFM / ALL
Transmittal Number: 28968992
Date Processed: 04/23/2024

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Sonja Jackson<br>Arlette Willis |

| | |
|---|---|
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number  2551129 |
| **Entity Served:** | United Parcel Service, Inc. |
| **Title of Action:** | Raine Gordon vs. United Parcel Service Inc. |
| **Matter Name/ID:** | Raine Gordon vs. United Parcel Service Inc. (15606054) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Mecklenburg County Superior Court, NC |
| **Case/Reference No:** | 24CV015859-590 |
| **Jurisdiction Served:** | North Carolina |
| **Date Served on CSC:** | 04/22/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | The Montgomery Law Firm, PLLC<br>704-749-3135 |
| **Client Requested Information:** | Matter Type: Other/NA |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



The Montgomery
Law Firm, PLLC

**Eric A. Montgomery, Esq.**
April 17, 2024

**VIA USPS PRIORITY MAIL**
**9405 8301 0935 5088 3858 99**

United Parcel Service Inc.
c/o Corporation Service Company
Registered Agent
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

> **Re:** *Mecklenburg County Superior Court Case No: 24CV015859-590*
> *Raine Gordon v United Parcel Service Inc.*
> *Service of Process | Case Opening Documents*

To Whom It May Concern:

Please find enclosed the General Civil Action Cover Sheet, Summons, Complaint and Exhibit 1 to the Complaint filed in the above referenced matter. These documents serve as Service of Process for United Parcel Service, Inc.

Thank you for your consideration in this matter.

Sincerely,
The Montgomery Law Firm, PLLC

Eric A. Montgomery, Esq.

Enclosures

6135 Park South Drive, Suite 510 | Charlotte, NC 28210 | 704-749-3135 P | 704-228-7157 F
Eric@TheMLawFirm.com

www.CharlotteMontgomeryLaw.com

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

**File No.** _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name And Address Of Plaintiff 1*
Raine Gordon
c/o The Montgomery Law Firm PLLC
6135 Park South Drive Ste 510
Charlotte NC 28210

*Name And Address Of Plaintiff 2*

## GENERAL
## CIVIL ACTION COVER SHEET

☒ INITIAL FILING ☐ SUBSEQUENT FILING

*Rule 5(b) of the General Rules of Practice for the Superior and District Courts*

**VERSUS**

*Name And Address Of Defendant 1*
United Parcel Service Inc
c/o Corporation Service Company Registered Agent
2626 Glenwood Ave Ste 550
Raleigh NC 27608

*Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*
Eric A. Montgomery, Esq.
6135 Park South Drive Ste 510
Charlotte NC 28210

| *Summons Submitted* ☒ Yes ☐ No | |
|---|---|

*Name And Address Of Defendant 2*

| *Telephone No.* 704-749-3135 | *Cellular Telephone No.* 704-712-2000 |
|---|---|
| *NC Attorney Bar No.* 38951 | *Attorney Email Address* eric@themlawfirm.com |

☒ Initial Appearance in Case ☐ Change of Address

| *Name Of Firm* The Montgomery Law Firm PLLC | *Fax No.* 704-228-7157 |
|---|---|

*Counsel For*
☒ All Plaintiffs ☐ All Defendants ☐ Only: *(list party(ies) represented)*

| *Summons Submitted* ☐ Yes ☐ No | |
|---|---|

☒ Jury Demanded In Pleading ☐ Complex Litigation ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim (list on back) (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (INTP)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

(Over)

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | Discrimination |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☒ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

| Date | Signature Of Attorney/Party |
|---|---|
| 04/08/2024 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No.

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
RAINE GORDON

**Address**
c/o The Montgomery Law Firm PLLC

**City, State, Zip**
6135 Park South Dr.  Charlotte NC 28210

## VERSUS

**Name Of Defendant(s)**
United Parcel Service Inc

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| United Parcel Service Inc. <br> c/o Corporation Service Company Registered Agent <br> 2626 Glenwood Avenue Ste 550 <br> Raleigh NC 27608 | |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | | Time | |
|---|---|---|---|---|
| Eric A. Montgomery <br> The Montgomery Law Firm PLLC <br> 6135 Park South Drive Ste 510 <br> Charlotte, NC 28210 | 4/8/2024 | 4:13:59 pm | ☐ AM  ☐ PM | |
| | **Signature**  /s/ Mitchell Woodard | | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | | |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement** | **Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

Electronically Filed Date: 4/8/2024 4:09 PM  Mecklenburg County Clerk of Superior Court

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

| Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with) | | |
|---|---|---|

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

| Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with) | | |
|---|---|---|

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

Mecklenburg County Clerk of Superior Court

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | |

RAINE GORDON )
)
           Plaintiff, )
)
    v. )
)
UNITED PARCEL SERVICE INC. )
)
)
)
)          **COMPLAINT**
)
          Defendant. )
)

## INTRODUCTION

1. This is an action for race discrimination and retaliation under Title VII of the Civil Rights Act, as amended 42 U.S.C. § 2000 et seq, 42 U.S.C. § 1981 et seq, gender discrimination Title VII of the Civil Rights Act, as amended 42 U.S.C. § 2000 et seq, punitive damages and for attorney fees pursuant to 42 U.S.C. § 1988. In addition, Plaintiff was wrongfully terminated in violation of the public policy of North Carolina. Plaintiff contends that she has been subjected to discrimination in the workplace and has been unlawfully terminated on account of her race and gender and in retaliation for protected activity in protesting conditions of her employment.

## JURISDICTION

2. The allegations contained in paragraph 1 is hereby re-alleged, re-asserted and incorporated herein by reference.

3. Plaintiff filed a charge of discrimination alleging disparate treatment and discrimination on the basis of gender/sex, race and retaliation with the Equal Employment Opportunity Commission (hereinafter "EEOC"), designated as EEOC Charge No. 430-2024-01029

1

on December 22, 2023. The EEOC issued and emailed to Plaintiff a Notice of Right to Sue on January 8, 2024. (Exhibit 1) Plaintiff filed this action on this charge within ninety (90) days of receipt of the Notice of Right to Sue. She has met all jurisdictional requirements and exhausted all administrative remedies prerequisite to her Title VII claims.

4. This Court has personal jurisdiction over Defendant pursuant to N.C. Gen. Stat. §1-75.4. Upon information and belief, Defendant is a resident of Mecklenburg County, North Carolina.

5. This Court has subject matter jurisdiction over Defendant, in that the acts of Defendant occurred in Mecklenburg County, North Carolina. The amount in controversy is in excess of $25,000.00.

6. Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-79 and/or § 1-80.

7. Plaintiff resides in Mecklenburg County, North Carolina. Upon information and belief, Defendant is a resident of Mecklenburg County, North Carolina.

## PARTIES

8. The allegations contained in paragraphs 1-7 are hereby re-alleged, re-asserted and incorporated herein by reference.

9. Plaintiff is an African America female citizen, and resident of Mecklenburg County, North Carolina.

10. Defendant United Parcel Service, Inc. (herein after "Defendant" or "UPS") is a foreign corporation organized under the laws of the State of Ohio and operates its business within Mecklenburg County.

11. Defendant is an "employer" for purposes of the Title VII and has more than 125 employees.

2

## FACTS

12. The allegations contained in paragraphs 1-11 are hereby re-alleged, re-asserted and incorporated herein by reference.

13. Ms. Gordon began her employment with UPS in November of 2013.

14. She began as a seasonal employee loading and unloading trucks.

15. She was promoted to Part-Time Supervisor in 2014.

16. Later in 2015 Ms. Gordon was promoted to Human Resources Supervisor. In this capacity she managed three buildings in the Charlotte area and continued to network throughout the company.

17. Along the way she was exposed to the "underbelly" of the organization and began to become aware of many unethical practices of the company.

18. In December of 2018 she was approached by Mike Smith, the Charlotte District Division Manager to take a full time Pre-Load Supervisor position.

19. This position required working from 1:00 AM until an indefinite time due to factors like fluctuating productivity levels and punishment tactics levied for lapses in productivity, i.e. misloads. She continued to perform in an exemplary fashion.

20. In January of 2020 Leandre Jackson, a friend of Mike Smith was hired as the Pre-Load Manager to replace Brent Heideman who retired.

21. In June of 2020 Gordon learned that she was pregnant. She continued to work as normal until she began to experience a great deal of pain and other pregnancy related complications in August of 2020.

22. On August 28, 2020 Gordon was experiencing a great deal of pain and was sitting down performing her job. Mike Smith, Division Manager walked by and in front of a large crowd yelled at Gordon "why are you sitting down? Get up right now!"

23. For the next five months Gordon was bed ridden due to her high-risk pregnancy. She

3

gave birth to her son in February of 2021. She eventually came back to work after making requests to use her vacation time to finishing healing following her difficult pregnancy which was denied by Smith.

24. Upon coming back to work Gordon started to make requests to work a different shift due to her childcare needs. She reached out to management and human resources which all denied her requests for accommodations notwithstanding her many years of dedicated service to the organization.

25. In 2022, a new opportunity was opening due to retirement, for the Charlotte preload manager position.

26. The current preload manager was given a temporary assignment to a center which became permanent. Dynele Thompson (Black Female) stepped up and took ownership of managing the preload.

27. After the announcement of the new manager, Gordon had a conversation with a superior, and expressed her disappointment over not being considered for the role.

28. Gordon was told it did not work like that, but once again a male manager was announced for the position.

29. Upon information and belief the operations manager was responsible for Gordon not being promoted. The operations manager has been the consistent person involved in the promotion process.

30. The first time UPS promoted a female to a full-time supervisor role in the Charlotte Building Package was in 2020.

31. In 2020 the preload manager was retiring. Dynele Thompson had been training for that position before transferring to Monroe to learn a new skill.

32. When Dynele Thompson returned to Charlotte that position was given to a male. The job was not posted on the UPS jobs line (MCO).

4

33. There were two junior supervisors were interviewed, but Gordon was not interviewed.

34. There have been several male managers that have experienced legal issues and still promoted.

35. Upon information and belief Steve Keller, a male manager has been routinely called out for discrimination and was referred to the Liberty Counsel.

36. Upon information and belief other male managers Charles Davis, Cornelius Jackson and Bryan Crickard have been subjects in litigation against UPS (3:21-cv-336-moc-dsc) for similar claims of discrimination.

37. In May of 2023 Gordon went on a short-term disability leave due her having a hysterectomy. Per UPS protocol she contacted UPS human resources center to request personal leave time off to figure out how to best manager her son's overnight care. Smith accommodated her situation by placing her in a position handling package driver complaints/needs from 8:00 am to 5:00 pm.

38. Notwithstanding this, Smith consistently harassed her concerning her finding a better schedule. Along with other insults he made a habit of calling her the "highest paid full-timer" in front of co-workers.

39. Following weeks of unwarranted and hurtful discriminatory actions, Smith pulled her out of the office to coerce her to quit her job on June 30, 2023.

40. Gordon was wrongfully terminated from her position after years of suffering harassment.

41. The termination status prevented her from receiving unemployment.

42. UPS maintains a policy of requiring a written statement to confirm resignation. Gordon never submitted a written statement. In fact, Gordon never quit or resigned.

43. Due to her experiences over the course of her career at UPS, Gordon has developed post-traumatic stress disorder and experiences high levels of anxiety when exposed to UPS paraphernalia. She is currently undergoing medical treatment for this condition.

5

44. Gordon has been discriminated against based on her race and gender and subjected to retaliation for opposing unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended.

45. Gordon knows of other similarly situated white employees and male employees provided with opportunities and promotions when she was not given those same opportunities.

46. Megan Jarney (a Caucasian female) was a feeder supervisor that was moved to the hub and worked on the Twilight for one week. She informed UPS management that due to issues with her child care and needing to be off work by 11:30 p.m., the Twilight work hours were not conducive to her personal home life childcare situation.

47. Jarney requested to be moved back into the feeder department. The request was granted by UPS management and Grayson Webb was being promoted and being put on Twilight sort.

## FIRST CLAIM FOR RELIEF
### Race Discrimination
### 42 U.S.C. § 2000, 42 U.S.C. § 1981

48. The allegations set forth in Paragraphs 1 through 47 are re-alleged and incorporated by reference as if fully set forth herein.

49. Plaintiff is an African American female and in a class of protected employees. She was performing the essential functions of her job and despite her repeated requests for promotional opportunities and being allowed to work different shifts due to her childcare needs, she was denied all said requests.

50. Plaintiff was treated differently than a similarly situated Caucasian employee in being allowed to work shifts to accommodate her childcare issues and after complaining about the different treatment received she was wrongfully terminated exercising her rights to

6

be employed free from discriminatory conduct from the Defendant in the terms and conditions of her employment.

51. The evidence shows that Plaintiff sought to obtain better opportunities for growth and promotion to her supervisors but was routinely passed over and not allowed to interview for new roles, and other similarly situated male employees were allowed to interview and get promoted when she was not in violation of Title VII because of her race.

52. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages pursuant to 42 U.S.C. § 2000 and 42 U.S.C. § 1981 for injuries she suffered as a result of being wrongfully terminated.

53. Plaintiff is also seeking an award of punitive damages pursuant to her Title VII claims as allowed under law.

54. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF
### Retaliation – 42 U.S.C. § 2000, 42 U.S.C. § 1981

55. The allegations set forth in Paragraphs 1 through 54 are re-alleged and incorporated by reference as if fully set forth herein.

56. Plaintiff is African American, and she raised concerns and made complaints and raised charges of race and gender discrimination and disparate treatment against Defendant. Upon raising these issues with the Defendant, she was terminated in violation of the statutes mentioned.

57. Plaintiff has performed her job at the highest level despite the retaliation and was summarily terminated for exercising her rights under the law.

58. Defendant by and through its agents and managers, allowed similarly situated employees to receive training and support in order to perform their jobs, but did not accommodate the Plaintiff in the same fashion. Another Caucasian employee sought and was given a better shift to accommodate her childcare needs and this same request

7

made by the Plaintiff was denied. This differential treatment based upon Gordon's race and gender was a causal link in the decision to terminate her employment.

59. The reason Defendant gave for the decision to terminate her was a pretext for discrimination and retaliation.

60. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages pursuant to 42 U.S.C. § 2000 and 42 U.S.C. § 1981 for injuries she suffered as a result of being wrongfully terminated. Plaintiff is also seeking an award of punitive damages pursuant to her Title VII claims as allowed under law.

61. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF
### Gender/Sex Discrimination
### 42 U.S.C. § 2000

62. The allegations set forth in Paragraphs 1 through 61 are re-alleged and incorporated by reference as if fully set forth herein.

63. Plaintiff is a Black/African American woman and a member of several protected classes as defined by State and Federal law and statutes.

64. Gordon endured a hostile work environment based on her gender and sex while working for Defendant (e.g. intentionally passing her over for promotional opportunities, not allowing her to work more favorable shifts to address her childcare needs, taking away her accommodations and more) was unwelcomed by Plaintiff and was based on Plaintiff's sex.

65. The hostile work environment severely impacted Plaintiff's conditions of employment. The impact was so severe that Plaintiff was forced to obtain medical treatment for mental and emotional injuries caused by UPS.

66. All of the abuse and harassment Plaintiff endured occurred during her

8

employment with UPS and was reported to UPS's human resources and upper management. As such, UPS is responsible and liable for the blatant discrimination, hostile environment, retaliation and constructive termination.

67. Plaintiff was unlawfully discriminated against on the basis of her being an African American woman, making it difficult for Plaintiff to perform her duties as Defendant's employee, and retaliation because other employees in similar positions who were not African American women were not forced to work in a racially and sexually hostile work environment, retaliated against or. constructively terminated due to discrimination.

68. Accordingly, Plaintiff seeks and is entitled to back pay pursuant to 42 U.S.C. § 2000e-5(g)(l), for the economic loss she has, and continues to suffer as a result of Defendant's unlawful and discriminatory treatment based on Plaintiffs sex as an African American woman, compensatory damages pursuant to 42 U.S.C. § 1981(a) for emotional distress and injuries Plaintiff has, and continues to suffer as a result of Defendant's unlawful and discriminatory treatment based on Plaintiffs race, and punitive damages pursuant to 42 U.S.C. § 1981(a) for Defendant's failure to willful failure to cure the sexually hostile work environment even after issues were reported on several occasions by Plaintiff, thereby exhibiting a malicious and/or reckless indifference for Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

69. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff also seeks and is entitled to costs and attorney's fees.

70. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

### FOURTH CLAIM FOR RELIEF
### Wrongful Termination in Violation of Public Policy of North Carolina

71. The allegations set forth in Paragraphs 1 through 70 are re-alleged and incorporated by reference as if fully set forth herein.

9

72. Plaintiff was treated differently than similarly situated employees during the course of her employment with Defendant. Defendant was aware of Plaintiff's medical issues and still required and forced her to work under conditions that were harmful to her health.

73. Plaintiff was treated differently than similarly situated Caucasian employees during the course of her employment with Defendant. Defendant provided better shifts to allow Caucasian employees to address their childcare needs, while denying the Plaintiff the same rights and privileges provided to the Caucasian employee.

74. Plaintiff was denied a reasonable accommodation in violation of her rights and was retaliated against due to her race and disability status.

75. Following Plaintiff's complaint, she was terminated from her employment in violation of the public policy of the State of North Carolina.

**FIFTH CLAIM FOR RELIEF**
**42 U.S.C. § 2000 - Punitive Damages**

76. The allegations set forth in Paragraphs 1 through 75 are re-alleged and incorporated by reference as if fully set forth herein.

77. The Defendant engaged in unlawful discrimination against the Plaintiff that was intentional. The Defendant terminated the Plaintiff for raising concerns of discrimination and due to violations of the Title VII.

78. The Defendant discriminated with malice or reckless indifference to the Plaintiff's federally protected rights. The Defendant was aware of Plaintiff exercising her rights and terminated her employment, nonetheless, disregarding her rights under federal law.

79. Pursuant to Title VII, 42 U.S.C. § 2000 Plaintiff contends that punitive damages are required to punish Defendant for their wrongful acts and to deter Defendant and others from committing similar wrongful acts.

10

80. Defendant did act intentionally, maliciously, willfully, wantonly and in reckless disregard to the rights of Plaintiff by aggressively and discriminating against Plaintiff through the specific actions described above.

**SIXTH CAUSE OF ACTION**
**Negligent Hiring, Supervision, and Retention**

81.    The allegations set forth in Paragraphs 1 through 80 are re-alleged and incorporated by reference as if fully set forth herein.

82.    Defendant was aware of the discriminatory and retaliatory actions of their supervisors, Human Resource Department and employees that caused Plaintiff's ongoing injuries.

83.    However, Defendant employed, and continues to employ, such employees and was well aware they could not perform their job duties without engaging in unlawful and discriminatory and retaliatory practices.

84.    At all times relevant, Defendant was aware of its employees' incompetence and failures, but failed to take any action to remedy such incompetence of many of its employees.

85.    Defendant's prior and ongoing negligent hiring, supervision and retention of incompetent employees has, and continues to proximately cause Plaintiff's severe physical, emotional and mental harm and anguish.

86.    As such, Defendant is negligent in its hiring, supervision and retention and Plaintiff is entitled to and seek damages, including but not limited to, compensatory damages, for her past and current harm due to Defendant's negligence.

87.    Because Defendant was, and remains, aware of its employees' incompetence with resolving issues involving unlawful and discriminatory treatment of Plaintiff, Defendant's failure to remedy such dangers constitutes willful and wanton disregard for Plaintiff's rights under North Carolina common law, and therefore, such actions are

11

contrary to the State's public policy and interest. As such, Plaintiff seeks and is entitled to punitive damages from Defendants to the maximum extent allowed pursuant to North Carolina General Statute, Chapter lD.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court as follows:

1. Award compensation for lost wages;

2. Award compensation for future wages;

3. Compensatory damages;

4. Punitive damages;

5. The costs of this action, including reasonable attorney's fees under 42 U.S.C. § 1988;

6. For a trial by jury on all claims so triable; and

7. Any further the relief the Court deems just and necessary.

Respectfully submitted this the 8th day of April 2024.

THE MONTGOMERY LAW FIRM, PLLC

\

BY: /s/Eric A. Montgomery
ERIC A. MONTGOMERY, N.C. Bar No. 38951
*Attorney for Plaintiff RAINE GORDON*
6135 Park South Drive, Suite 510
Charlotte, North Carolina 28210
Telephone:   (704) 749-3135
Facsimile:   (704) 228-7157
E-mail:   eric@themlawfirm.com

12

# RAINE GORDON

# EXHIBIT 1

# EEOC RTS LETTER

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Charlotte District Office**
129 West Trade Street, Suite 400
Charlotte, NC 28202
(980) 296-1250
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/08/2024

**To:** Raine Gordon
3327 N Davidson St Apt 105
Charlotte, NC 28205

Charge No: 430-2024-01029

EEOC Representative and email:      VICTORIA KNOTTS
Investigator Support Assistant
victoria.knotts@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 430-2024-01029.

On behalf of the Commission,

**CHRISTINE
SMITH**

Digitally signed by CHRISTINE SMITH
Date: 2024.01.08 14:04:20 -05'00'

For Elizabeth "Betsy" Rader
District Director

**cc:**
Sarah Hamilton
United Parcel Services
55 Glenlake Parkway, NE
Atlanta, GA 30328

Jolee Land
Phelps Dunbar
100 S ASHLEY DR STE 2000
Tampa, FL 33602

Eric A Montgomery
The Montgomery, Esq.
6135 Park South Drive, suite 510
Charlotte, NC 28210

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 430-2024-01029 to the

District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 430-2024-01029 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.

This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail and Priority Mail International® shipments.

PRESS FIRMLY TO SEAL



# UNITED STATES
# POSTAL SERVICE ®

# PRIORITY MAIL

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions ap
- USPS Tracking® included for domestic and many international destinatio
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of cover

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

EP14F May 2020
OD: 12 1/2 x 9 1/2

PS00000100014

To schedule free Package F
scan the QR code.



USPS.COM/PICKUP

---

9405 8301 0935 5088 3858 99 0085 0001 00C2 7608

Click-N-Ship®



USPS.COM
$8.50
US POSTAGE
Insured

U.S. POSTAGE PAID

04/13/2024

Mailed from 28210  3786758242725708

RDC 02

04/17/2024

C017

# PRIORITY MAIL®

THE MONTGOMERY LAW FIRM, PLLC
ERIC A MONTGOMERY
STE 510
6135 PARK SOUTH DR
CHARLOTTE NC 28210-0100

CORPORATION SERVICE COMPANY - UNITED
REGISTERED AGENT
STE 550
2626 GLENWOOD AVE
RALEIGH NC 27608-1370

USPS TRACKING #

9405 8301 0935 5088 3858 99